IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MANUEL ZOLTAR,                :

    Plaintiff                                        :

   v.                                                      :        Civil Action No. AMD-05-1692

FRANK C. SIZER, JR., and            :
JAMES V. PEGUESE,
                                                           :
    Defendants
                                      ..o0o..

MEMORANDUM

    This action was filed on June 22, 2005, together with a motion to proceed *in forma pauperis*. Plaintiff has also filed a declaration which states, *inter alia*, that he was formerly known as Saleem Nuriddin Abdullah, but has changed his name through petition filed with the Anne Arundel County Circuit Court.[1] The complaint alleges that defendants are improperly prohibiting plaintiff from contacting his parole agent while he is incarcerated at the Maryland House of Correction-Annex. Plaintiff maintains that the Parole Commission issued a decision to continue his mandatory supervision after a revocation hearing and, as a consequence, he is entitled to maintain a relationship with his parole agent.

    Plaintiff has filed a motion to proceed *in forma pauperis*. However, inasmuch as plaintiff has accumulated at least three dismissals of prior prisoner civil rights actions pursuant to 28 U.S.C. § 1915(e),[2] the complaint must be evaluated under 28 U.S.C. § 1915(g) to see whether the claims meet

---

[1] For court administrative purposes, the Clerk will be directed to amend the docket of this case to note that plaintiff is also known as Saleem Nuriddin Abdullah.

[2] *See Abdullah v. Director of Medical Services*, Civil Action No. AMD-96-3777 (D. Md.); *Abdullah v. Supervisors*, Civil Action No. AMD-96-3950 (D. Md.); and *Abdullah v. All Medical Professionals*, Civil Action No. AMD-97-3850 (D. Md.). This court has and will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir.

the "imminent danger" exception. The statute precludes a prisoner litigant, such as plaintiff, from filing a prisoner civil action *in forma pauperis* unless he can show that he is in "imminent danger of serious physical injury."

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2$^{d}$ Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3$^{d}$ Cir. 2001) (en banc).

Upon review of the allegations raised in the instant complaint, it is clear that plaintiff cannot show that he is in imminent danger. Accordingly, he is not permitted to file this claim unless it is accompanied by the $250 filing fee. By separate order which follows, the complaint shall be dismissed without prejudice.

Filed: June 29, 2005                                      /s/
                                                          Andre M. Davis
                                                          United States District Judge

---

1998) (district court must cite specific case information upon which it issued a § 1915(g) dismissal).